**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF MICHIGAN**

**SOUTHERN DIVISION**

Charles Blackwell

**Plaintiff, Pro Se**

v.

CITY OF INKSTER, Municipal Corporation,

PATRICK ANDRE WIMBERLY,

individually and in his official capacity

 as Inkster Mayor

**Defendants**

_____

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND NOMINAL DAMAGES**

**JURY TRIAL DEMAND REQUESTED**

1. Plaintiffs bring this First Amendment action to challenge an unconstitutional policy and practice imposed by the city of Inkster's governing body, police department, and mayor to prohibit or impede individuals from engaging in political speech or advocacy on the City of Inkster Police Department Facebook Page and the Mayor's municipal Facebook page which is a designated or limited public forum subject to constitutional free speech protection.

2. Plaintiffs contend that the challenged policy violates the First Amendment's freedom of speech and right to petition clauses, both facially and as applied to the Plaintiff. Accordingly, Plaintiff seek declaratory and injunctive relief to invalidate and bar

enforcement of the policy, as well as nominal damages for the infringements committed by Defendants on March 19th, 2021.

3. *In Knight First Amendment Institute at Columbia Univ., et al. v. Donald J. Trump, et al.*, No. 18-1691, 2019 WL 2932440 (2d Cir. July 9, 2019), the court unanimously affirmed a district court judgment holding that President Trump violated the First Amendment when he blocked from his Twitter account certain people whose viewpoints, he did not like. The Defendant is engaging in the same viewpoint based discriminatory practices against the Plaintiff.

## PARTIES

4. Plaintiff, Charles Blackwell, is a resident in the Eastern District of Michigan and activist who tackles corruption, transparency, and open government issues with multiple municipalities in the Metro Detroit area.

5. Defendant, City of Inkster, is a state-chartered municipal corporation which exercises local governance.

6. Defendant, Patrick Andre Wimberly, is the Mayor of Inkster and the executive head and chief administrative officer of the city.

## JURISDICTION AND VENUE

7. Plaintiffs bring this action under the First and Fourteenth Amendments to the United States Constitution and 42 U.S.C. § 1983, seeking declaratory and injunctive relief and nominal damages. The Court has subject-matter jurisdiction over the federal claims under 28 U.S.C. §§ 1331 and 1343.

8. Venue is proper pursuant to 28 U.S.C. § 1391(b) because the Defendants reside within this judicial district and all claims asserted by Plaintiffs arose within this judicial district.

## **FACTUAL ALLEGATIONS**

**9.** There is an active and current corruption and embezzlement investigation being conducted by the City of Inkster Police Department involving allegations that the former City of Inkster recreation director Alex Legion embezzled City of Inkster recreation revenue for his own personal use and benefit. (**See Exhibit A: Alex Legion Police Report**)

**10.** In fact, the City of Inkster Parks and Recreation Commission was so alarmed by the corruption of former recreation director Alex Legion and the city's handling of the investigation, they voted to send a letter to Inkster City Council calling for an independent investigation. (**See Exhibit B: Inkster Parks and Rec Commission Request**)

**11.**  In such letter to Inkster City Council, the Inkster Parks and Recreation Commission stated that if the City Council failed to act, they would be contacting the FBI with "our suspicion of collusion, corruption, running a criminal organization of city hall, and misuse of public funds."

**12.** So not only did the Plaintiff have genuine and legitimate concerns of corruption taking place at the Inkster Recreation Department and Inkster City Hall, but the Inkster Parks and Recreation Commission which is a public body shared those same concerns.

**13.** On or about March 18th, 2021 Plaintiff commented on a post on the City of Inkster Police Department in which Inkster Police Chief William Riley was speaking and reading a children's book in a posted video onto the Defendant's Facebook page which is a public forum.



**14.** Plaintiff then commented, considering the Alex Legion investigation and corruption

scandal, "Chief Riley: How about you teach the kids the word "Corruption" and tell them

about how Alex Legion stole money from the recreation center and Mayor Wimberly

knew about it."

**15.** On or about March 19th, 2021 Plaintiff went again to the Defendant City of Inkster Police

Department Facebook page and noticed the Plaintiff comment had been deleted, Plaintiff

had been blocked or impeded from commenting on further posts on the page and

prohibited from sending direct messages or messages to the inbox of the City of Inkster Police Department Facebook page.

16. In (**Attached Exhibit C: Police Department Blocked Post**), on the left-hand side is the Plaintiff restricted privileges of not being able to comment on or "Like" Facebook post by the Defendant's City of Inkster Police Department Facebook page which is a public forum. On the right-hand side, is the privileges of all other Facebook users who have not been blocked or restricted such as the Plaintiff who then can comment and participate in the Defendant City of Inkster Police Department Facebook page and public forum.

17. In (**Attached Exhibit D: Police Department Blocked Access**), on the left-hand side is the Plaintiff restricted privileges of being blocked and prohibited from sending the Defendant City of Inkster Police Department a "direct message" or sending the Defendant City of Inkster Police Department a private message to their Facebook inbox. On the right-hand side, is the privileges of all other Facebook users who have not been blocked or restricted by the Defendant who has the access to send direct messages to the Defendant City of Inkster Police Department Facebook page.

18. As a result, Plaintiff Blackwell is blocked from further expressing his intended comments, ideas or expression on the Defendant Facebook page which is a public forum.

19. The Defendant, City of Inkster Police Department Facebook Page which include a social media policy in the "About" section of the page which states the "The City of Inkster reserves the right at our sole discretion to block users or remove comments if the content posted promotes private businesses, political affiliations, ideologies or positions, or any other third-party advertisements, sales or promotions;" (**See attached Exhbit E: City of Inkster Police Department Social Media Policy**)

20. The Defendant official established policy to block social media users or remove comments based on the content of poltician affiliations, ideologies or positions in a public forum infringes upon the Plaintiff First Amendment rights and against our deomorcratic principles.

21. Defendant Patrick Andre Wimberly while acting under the color of the law maintains, operates, and post on the Facebook page "Patrick Wimberly-Mayor City of Inkster". Such page is also a designated or limited public forum and subject to First Amendment protection.

22. Plaintiff has commented on Defendant Patrick Andre Wimberly Facebook page "Patrick Wimberly-Mayor City of Inkster" critical comments about the Alex Legion investigation as well and have been blocked and restricted from commenting, posting, and messaging this interactive page in the exact same manner as the Plaintiff has been blocked by the City of Inkster Police Department Page.

23. In (**Attached Exhibit F: Mayor Wimberly Blocked Post Comparison**), on the left-hand side is the Plaintiff restricted privileges of not being able to comment, post, or "Like" Facebook post by the Defendant Patrick Andre Wimberly which is a public forum. On the right-hand side, is the privileges of all other Facebook users who have not been blocked or restricted such as the Plaintiff who then can comment, post and participate in the defendant Patrick Andre Wimberly Facebook page and public forum

24. In (**Attached Exhibit G: Mayor Wimberly Blocked Access Comparison**), the top picture is the Plaintiff restricted privileges of being blocked and prohibited from sending the Defendant Patrick Andre Wimberly a "direct message" or sending Defendant Wimberly a private message to their Facebook inbox. The bottom picture, is the

privileges of all other Facebook users who have not been blocked or restricted by Defendant Patrick Andre Wimberly who has the access to send direct messages to the Defendants page of "Patrick Wimberly-Mayor City of Inkster"

## COUNT I: VIOLATION OF THE FIRST AND FOURTEENTH AMENDMENTS (42 U.S.C. § 1983)

25. Plaintiffs incorporate by reference all preceding paragraphs as though fully set forth herein.

26. In creating and maintaining the City of Inkster Police Department Facebook page, the Defendant have created and established a designated or limited public forum.

27. Defendants have no compelling interest to justify the content-based or viewpoint-based suppression of Plaintiffs' speech about public corruption by a public official which is a public issue and concern.

28. In prohibiting Plaintiff public discussion of corruption by a public official, Defendants' ban on political speech and advocacy is both facially content-based and targeted specifically against the type of speech invoking greatest constitutional protection.

29. Because all speech presented as public comment to a political governing body can, by its very nature and purpose, be classified to comprise political speech or advocacy, Defendants' policy of banning speech upon the basis such classification is unconstitutionally vague and naturally given to arbitrary and discriminatory application.

30. In proscribing all political speech and advocacy generally, Defendants' policy sweeps far beyond the necessary scope of any conceivably legitimate state interest it aims to further.

31. By specifically prohibiting the right of public commenters to avail themselves of the opportunity to engage in advocacy when presented with a government audience, Defendants' policy facially infringes the First Amendment's right to petition clause.

32. Defendants acted to pretextually deprive Plaintiffs of their First Amendment rights in order to suppress the Plaintiff critical viewpoint.

<u>**COUNT II**</u>

<u>**DEFENDANT PATRICK ANDRE WIMBERLY VIOLATION OF FIRST AND**</u>

<u>**FOURTEENTH AMENDMENTS (42 U.S.C. § 1983**</u>

33. Plaintiffs incorporate by reference each preceding paragraph as if fully stated herein.

34. Defendant Patrick Andre Wimberly, when acting under the color of the law and using Facebook Page "Patrick Wimberly-Mayor City of Inkster", has created a public forum opened for use by the public as a place for expressive activity

35. Defendant Wimberly has no compelling interest to justify the content or viewpoint-based suppression of the Plaintiffs' speech on the Defendants' Facebook page about the issue of public corruption.

36. By specifically prohibiting the right of public commenters to avail themselves of the opportunity to engage in advocacy when presented with a government audience, through the Facebook platform, Defendants' policy facially infringes the First Amendment's right to petition clause.

37. In prohibiting public discussion of an entire topic, Defendant Wimberly ban on political speech and advocacy against public corruption and misuse of public funds is both facially content-based and targeted specifically against the type of speech invoking greatest constitutional protection.

38. Because the First Amendment protection of political speech by the public was clearly established at the time of these injuries, Defendant Wimberly is not entitled to qualified immunity. Nor could the Plaintiff reasonably have assumed that contractually conspiring with a third party to deprive a clearly established right would change its clearly established status.

39. In fact, Plaintiff emailed the City of Inkster City Attorney's David Jones and Matthew Wayne on March 1st, 2021 informing them the Plaintiff intended to comment and interact on government official's social media pages and that these pages were afforded First Amendment protection. (**See Attached Exhibit H: Plaintiff March 1st email to City Attorney**)

40. Considering the First Amendment was well established and considering the Plaintiff March 1st, 2021 email to the City of Inkster City Attorney, the Defendants actions were not reasonable.

## COUNT III

## DEFENDANT, CITY OF INKSTER'S, "MONELL" LIABILITY

41. Plaintiffs incorporate by reference each preceding paragraph as if fully stated herein.

42. Defendant, CITY OF INKSTER, created policies, practices and customs, as set forth above, which demonstrated "deliberate indifference" to the constitutional rights of its citizens, and was the moving force behind the individual Defendants' violations of Plaintiffs' constitutional rights.

43. In *Monell v. Department of Social Services,* 436 U.S. 658 (1978), the Supreme Court held that a municipality (or other local government unit) can be liable under 42 U.S.C. § 1983

if an "action pursuant to official municipal policy of some nature caused a constitutional

tort

44. As a direct and proximate result of the Defendants willful violation of Plaintiffs'

constitutionally protected rights, Plaintiff was deprived of his liberty, causing them to

suffer the injuries and damages set forth above.

45. This is an official municipal policy or custom adopted by the Defendant and its police

department. This policy is posted in the "About" section of the Defendants Facebook

page and instructs users to "Please read before posting".

46. The Inkster Police Department Facebook page policy even uses the language "The City

of Inkster Reserves the right, at our sole discretion". Which means this is an official

municipal policy of the Defendant as a municipality rather than the individual actions of

the Defendant agents or employees.

47. These customs, practices, and/or policies included, but were not limited to, the following:

a. Failing to adequately train and/or supervise its employees and agents so as

to prevent violations of citizens' constitutional rights.

b. Failing to adequately train and/or supervise its employees and agents regarding

the constitution and the public's right to free speech in a public forum.

48. Defendant conduct was reckless because constitutional rights to free speech in a public

forum was clearly established at the time of the Plaintiff injuries.

49. As a proximate result of the violations and/or deprivations of Plaintiff's constitutional

rights by Defendant's, Plaintiff has a viable claim for compensatory and punitive

damages pursuant to 42 U.S.C. § 1983 together with costs, interests, and damages as set

forth in 42 U.S.C. § 1988.

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court enter an award in his favor and against Defendants in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00) exclusive of interest, costs, and damages.

## <u>REQUEST FOR RELIEF</u>

**WHEREFORE**, Plaintiffs respectfully request that the Court:

a. Declare that Defendants' policy and practice of blocking, restricting, and impeding citizens from commenting or posting on Facebook while engaging in political speech or advocacy violates the First and Fourteenth Amendments facially and as applied to Plaintiff.

**b.** Provide preliminary and permanent relief barring enforcement of the above-referenced policy

**c.** Grant other and further relief as the Court deems just and equitable.

Respectfully Submitted,


/s/ Charles Blackwell

Charles Blackwell

2976 Cortland

Detroit, MI, 48206

313-739-3597

Cblack618@gmail.com

**EXHIBIT A: Former Inkster Recreation Director Alex Legion Embezzlement Police Report**

| CR No: 210001957-001 | Report Type:<br>Crime Report | Officer:<br>INSNYDERC (01765) | 001 |
|---|---|---|---|

# INKSTER POLICE DEPARTMENT
26279 MICHIGAN AVENUE
INKSTER MI 48141
313-563-9850



## Case Report

### Administrative Details:

| CR No | Subject |
|---|---|
| 210001957-001 | 2704 - Embezzlement - Public Property (Federal, State, or City Property) [27000] |

| Report Date/Time | Occurrence Date/Time |
|---|---|
| 02/06/2021 19:00 | 02/06/2021 19:00 |

| Location | Call Source |
|---|---|
| 2025 MIDDLEBELT RD | PHONE |

| Dispatched Offense | Verified Offense |
|---|---|
| 2799 Embezzlement (Other) | 2704 Embezzlement - Public Property (Federal, State, or City Property) |

| County | City/Twp/Village |
|---|---|
| 82 - Wayne | 84 - Inkster |

| Division | Victim |
|---|---|
| Patrol | City of Inkster (35939904) |

| Report Type | |
|---|---|
| Crime Report | |

| Created By | Created Date/Time |
|---|---|
| COREY SNYDER | 02/06/2021 07:02 PM |

| Verified By | Verified Date/Time |
|---|---|
| SYSTEM | 02/06/2021 07:52 PM |

| Approved By | Approved Date/Time |
|---|---|
| COREY SNYDER | 02/06/2021 07:52 PM |

Created On 02/06/2021 07.52 PM

| CR No: 210001957-001 | Report Type: Crime Report | Officer: INSNYDERC (01765) | 001 |
|---|---|---|---|

## Offenses:

**2704 - Embezzlement - Public Property (Federal, State, or City Property)   [INSNYDERC (01765)]**

| IBR Code / IBR Group | Offense Fire Class | |
|---|---|---|
| 270 - Embezzlement / A | 27000 - EMBEZZLEMENT | |
| Crime Against | Location Type | Offense Completed |
| PR | 88 - Exercise/Fitness/Recreational Facility | Completed |
| Domestic Violence | Hate/Bias | |
| No | 00 - None (No Bias) | |
| Using | | Cargo Theft |
| A-Alcohol: No   C-Computer Equipment: No   D-Drugs/Narcotics: No | | No |

## People:

**LEGION, ALEX CHARLES (S-SUSPECT)   [INSNYDERC (01765)]**

| Last Name | | First Name | Middle Name | | Suffix | | Mr/Mrs/Ms |
|---|---|---|---|---|---|---|---|
| Legion | | Alex | Charles | | | | |
| Aliases | | | Driver License# | DL State | DL Country | Personal ID# | |
| | | | L250044115878 | MI | | | |
| DOB (Age) | Sex | Race | Ethnicity | Birth City & State | Birth Country | | Country of Citizenship |
| 11/16/1988 (32) | M | BLACK/AFRICAN AMERICAN | Unknown | | | | |
| Street Address | | | Apt # | County | Country | Home Phone | Work Phone |
| 29158 Carlton | | | | | | UNKNOWN | |
| City | | | State | Zip | Cell Phone | Email | |
| Inkster | | | MI | 48141 | 3135647925 | | |

**(V-VICTIM)   [INSNYDERC (01765)]**

| Victim Type | Victim of | | | | | | |
|---|---|---|---|---|---|---|---|
| G - Government | 2704 - Embezzlement - Public Property (Federal, State, or City Property) | | | | | | |
| PE: | W.Typ e: | Name | | | | Suffix | Mr/Mrs/Ms |
| | | City of Inkster | | | | | |
| DOB (Age) | Sex | Race | Ethnicity | Birth City & State | Birth Country | | Country of Citizenship |
| NA | NA | NA | NA | NA | NA | | NA |
| Street Address | | | Apt # | County | Country | Home Phone | Work Phone |
| 26215 Trowbridge | | | | | | | |
| City | | | State | Zip | Cell Phone | Email | |
| Inkster | | | MI | 48141 | | | |
| Victim Injury | | | | | | | |

**JONES, DWAYNE EDWARD (O-OTHER) (X-MISCELLANEOUS)   [INSNYDERC (01765)]**

| PE: | W.Type: | Last Name | First Name | Middle Name | | Suffix | Mr/Mrs/Ms |
|---|---|---|---|---|---|---|---|
| | | Jones | Dwayne | Edward | | | |
| Aliases | | | Driver License# | DL State | DL Country | Personal ID# | |
| | | | J520167189280 | MI | | | |
| DOB (Age) | Sex | Race | Ethnicity | Birth City & State | Birth Country | | Country of Citizenship |
| 04/10/1969 (51) | M | UNKNOWN | Unknown | | | | |
| Street Address | | | Apt # | County | Country | Home Phone | Work Phone |
| 4015 Durand Ct | | | | | | UNKNOWN | |
| City | | | State | Zip | Cell Phone | Email | |
| Inkster | | | MI | 48141 | 7342102319 | | |

**WIMBERLY, PATRICK ANDRE (O-OTHER) (R-REPORTED BY)   [INSNYDERC (01765)]**

| PE: | W.Type: | Last Name | First Name | Middle Name | Suffix | Mr/Mrs/Ms |
|---|---|---|---|---|---|---|
| | | | | | | |

| CR No: 210001957-001 | | Report Type: Crime Report | | Officer: INSNYDERC (01765) | | | 001 |
|---|---|---|---|---|---|---|---|

| | Wimberly | | Patrick | | Andre | | |
|---|---|---|---|---|---|---|---|

| Aliases | | Driver License# W516676067207 | | DL State MI | DL Country | Personal ID# | |
|---|---|---|---|---|---|---|---|

| DOB (Age) 03/19/1974 (46) | Sex M | Race BLACK/AFRICAN AMERICAN | Ethnicity Unknown | Birth City & State | Birth Country | | Country of Citizenship |
|---|---|---|---|---|---|---|---|

| Street Address 1725 Kenwood | | Apt # | County | Country | Home Phone UNKNOWN | | Work Phone |
|---|---|---|---|---|---|---|---|
| City Inkster | | State MI | Zip 48141 | Cell Phone UNKNOWN | Email | | |

## Property:

### 5510 - Documents/Personal or Business (credit card documents, savings account books, titles, etc) 5448

| Property Class 46 | IBR Type 46 - Documents/Personal or Business | | UCR Type K - Miscellaneous | | |
|---|---|---|---|---|---|
| Status E – Evidence (Including Other Seized Property And Tools) | | | | Count 1 | Value 1 |
| Description bank document/ check stub | | | Disposition | Evidence Tag 210001957.001 | |
| Recovered Date/Time | Location | | Owner D. | | |

### 2102 - Bills/Money - Misc./Assorted 5420  [INSNYDERC (01765)]

| Property Class 20 | IBR Type 20 - Money | | UCR Type A - Currency, Notes, Etc... | | |
|---|---|---|---|---|---|
| Status S - Stolen/Etc. (Bribed/Defrauded/Embezzled/Ransomed/Etc.) | | | | Count 1200 | Value 1 |
| Description $1200 | | | Disposition | Evidence Tag | |
| Recovered Date/Time | Location | | Owner [V35939904] , | | |

## Narrative:

UNIT ASSIGNED:

173 Snyder 1765

DISPATCH INFORMATION:

Complaint initiated by the Chief of Police.

SUMMARY OF REPORT INFORMATION/NARRATIVE:

I met with the Mayor of the City of Inkster at the recreation center. The Mayor turned evidence

| CR No: 210001957-001 | Report Type: Crime Report | Officer: IMSNYDERC (01765) | 001 |
|---|---|---|---|

over to me. That evidence was a document related to embezzlement. That document was taken to the Inkster Police Department and placed in property.

INTERVIEW/CONTACT:

I met with Mayor Wimberly. Mayor Wimberly told me that he was at the Booker Dozier recreation center. While there, the mayor searched the office formerly occupied by Alex Legion. Alex Legion recently resigned from the City of Inkster as the Director of Parks and Recreation. The mayor found a half open envelope on a tray that was on the desk in the office. The mayor opened that envelope fully and removed the single document. The mayor saw that the document was possibly related to embezzlement being committed by Legion and called the Chief of Police. The Chief of Police then called me to meet with the mayor.

The mayor further explained to me that Legion recently resigned from his position. This resignation was the result of Legion alledgedly using funds generated by the recreation center for personal use. The mayor stated that Legion would create contracts to rent out the rec center facility. Then instead of that money being turned over to the city, Legion would keep the money.

This reportedly took place four times for a total amount of $1200 for the rental fees. The mayor stated that he spoke with Legion and asked him to turn over the $1200 then resign. Per the mayor Legion did provide $1200 and resigned from his position.

The mayor told me that the rental contracts were created using City of Inkster contracts. Three of those contracts were recovered and turned over to the city treasurer.

SCENE/OFFICER OBSERVATIONS:

As it relates to the newest document being found, I saw that it was a bill or memo that references an amount paid. The mayor presented the document to me and explained where he found it. That amount is for $1500. The memo on the document states Event Facility Rental. The date on the document is 11/10/2020 and a date of the rental appearing to be 11/02/2020. Per the mayor the rec center was being used for an event on 11/02/2020. The top left corner of the document has BFPCC, Inc DBA Biden for President on it. Further the payment appears to be made to Signature Milestones, LLC with a listed address of 29158 Carlton Inkster MI 48141. The mayor told me that Signature Milestones, LLC is a business operated by Alex Legion.

A search using the entity name in LARA shows that the LLC has an address of 1927 Rosa Parks

| CR No: 210001957-001 | Report Type:<br>Crime Report | Officer:<br>INSNYDERC (01755) | 001 |
|---|---|---|---|

suite 100 Detroit MI. A search using an individuals name shows that Alex Legion is the resident agent of Ashlar Real Estate also at 1927 Rosa Parks suite 100 Detroit.

The envelope that the document was found in was addressed to Signature Milestones LLC at 29158 Carlton Inkster MI. The return address listed is Biden For President P.O. Box 58174 Philadelphia, PA 19102. The envelope stamp was dated 14 Nov 2020.

PROPERTY/EVIDENCE TAKEN:

The described document and envelope were taken to the Inkster Police Department and placed in a temporary evidence locker.

STATUS:

Open, forwarded to the detective bureau.

Created On 02/06/2021 07:52 PM

**Exhibit B: Inkster Parks and Rec Commission Request**

| | |
|---|---|
| **From:** | connie r mitchell <connieaka95@yahoo.com> |
| **Sent:** | Friday, February 12, 2021 1:37 PM |
| **To:** | Kim Howard; George Williams; LaGina Washington; Sandra Watley; Steven Chisholm; Dennard Shaw |
| **Cc:** | Felicia Rutledge; Patrick Wimberly; Vijay Virupannavar; AB_David Jones; William Riley; William Ratliff; Shirley Hankerson; Ashawnna Butts; LEWanna Abney-Mitchell; Tania James; Antonio Wimberly |
| **Subject:** | Request for Investigation |
| **Attachments:** | Memo requesting A.Legion investigation2.doc |

Greetings City of Inkster Elected Officials,

At a meeting of the city of Inkster Parks and Recreation Commission on February 11, 2012, members of the commission were asked to vote on a memo to be sent to you asking that you investigate the embezzlement of funds due to city of Inkster in relation to the use of the Booker Dozier Recreation Center. In a roll call vote, the yays were five (5) to send the request, Zero (0) nays and one (1) member abstaining.

Therefore, the attached document is being sent to you as a request for action in this matter. We will appreciation a response to the request as soon as possible. Thank you!

Submitted on behalf of the P&R Commission by

Shirley Hankerson, Chairperson

Connie R. Mitchell, Recording Secretary

1

**To:** Mayor Pro-Tem Kim Howard, Councilman George Williams, Councilwoman Sandra Watley, Councilman Dennard Shaw, Councilwoman LaGina Washington, Councilman Steven Chisholm of the city of Inkster, Michigan

**FROM:** City of Inkster Parks and Recreation Commission members Shirley Hankerson (Chairperson), Connie R. Mitchell (Recording Secretary), Ashawnna Butts, LeWanna Abney-Mitchell, and Antonio Wimberly

**CC:** City Clerk Felicia Rutledge, Mayor Patrick Wimberly, City Attorney David Jones, City Treasurer Vijay Virupannavar, Police Chief William Riley III, Assistant Chief of Police William Ratliff

**DATE:** February 12, 2021

**SUBJECT: Request for Independent Investigation**

We, the members of the Parks and Recreation Commission or We, the registered voters, homeowners, and taxpaying citizens of Inkster are not satisfied with the communication Mayor Patrick Wimberly provided on February 1, 2021 during a regular City Council meeting. Questions were raised about the misuse of public funds within the Parks and Recreation Department, as well as the prosecution of the past director, Alex Legion, who is suspected of embezzlement from the department's due revenue and was allowed to resign from his position and not terminated.  Mayor Wimberly stated that he and the Chief of Police, William T. Riley III launched an investigation but decided that he should pay the money back. We contend that there was a grave miscarriage of justice for the city of Inkster in that the investigation did not result in definitive answers as to what are the true circumstances of the situation. We would like to know, through proper channels

1. What questions regarding the situation were investigated?
2. What was discovered?
3. Where is the investigation report?
4. Where is the police report?
5. Were the findings (if any) forwarded to the Wayne County Prosecutors office?

Based on statements from the Mayor on February 1, 2021, Mr. Alex Legion was not truly investigated for the crime he is alleged (and proven) to have committed by not depositing rental and other funds with the city Treasurer's office.

Per the ***Inkster City Charter Section 7.7***, we formally request that the Inkster City Council launch its own investigation into this matter. We also ask that the Inkster City Council receive the results from the investigation, in writing, that was conducted by Chief William T. Riley, III, Mayor Patrick Wimberly, and any other participants not named by the Mayor or Police Chief.

If this body fails to act on the powers invested in them by the citizens of Inkster who elect you and voted for the current City Charter, we will have no choice but to hold you accountable and to contact the Michigan State Police, Wayne County Sheriff, Michigan Attorney General's office, and/or the F.B.I. with our suspicion of collusion, corruption, running a criminal organization out of City Hall, and misuse of public funds. In some cases, that leads to prosecution under the R.I.C.O. Act (Racketeer Influenced and Corrupt Organizations).

During this investigation we ask that the Inkster City Council seek assistance from the one of the aforementioned police agencies and ***not*** the Inkster Police Department ***nor*** Allen Brothers, PLLC. We do not want any conflict of interests to occur. We ask that the findings of the requested investigation are made known, but not limited to the public, the Wayne County Prosecutor's Office, the City Attorney, the Honorable Judge of the 22nd District Court and every employee and/or patron who may have been victimized.

We have rules and regulations in place to hold everyone accountable to the offices and public trust they hold. The council serves as the checks and balances of this city. If we fail to check these issues now, then we have no

governmental accountability as a city. This is an issue of principle and the fact that we have been, in our opinion, lied to and disrespected as officers of the city and residents, taxpayers and community advocates once again lies heavy with us. We trust that you will do your due diligence in finding answers and delivering facts.

**Exhibit C: Police Department Blocked Post**


**Inkster Police Department**
March 17 at 3:08 PM · 🌐

As some of you may know, March is reading month!📖
In previous years we have sent our officers to the local schools within Inkster to read to our students. The kids get such a joy out of listening to our officers read to them- and we enjoy it just as much as they do, if not more! 😊
This year unfortunately due to COVID, many schools are doing online learning only. Inkster PD has come together to record ourselves reading children's books so that parents, friends, and family can s... See More



⭕⭕ 21                                      7 Comments 9 Shares

↪ Share

Most Relevant ▾



**Inkster Police Department**
Stay tuned! We will be posting more videos of officer's reading different books over the next few days. We hope the kids enjoy them!!
                                                                      ⭕ 1



⭕😮😢 12                                      29 Shares

👍 Like        💬 Comment        ↪ Share



**Inkster Police Department**
March 17 at 3:08 PM · 🌐

As some of you may know, March is reading month!📖
In previous years we have sent our officers to the local schools within Inkster to read to our students. The kids get such a joy out of listening to our... More

⭕⭕ 21                                      7 Comments 9 Shares

👍 Like        💬 Comment        ↪ Share

**Exhibit D: Police Department Blocked Access**





**Exhbit E: City of Inkster Police Department Social Media Policy**

 





# Inkster Police Department

@inksterpolice · Police Station



26279 Michigan Ave. Inkster, MI 48141

## GENERAL

2,631 people like this including 8 of your friends



2,864 people follow this

431 people checked in here

Police Station · Law Enforcement Agency · Government Organization

## HOURS

Always Open

## ADDITIONAL CONTACT INFO



Inkster Police Department | Facebook

      

 (313) 563-9850

MORE INFO

**About**

This page is managed by the Inkster Police and was developed to assist us in providing the highest level of service possible in our community.

 **Inkster Police Department**    •••



        

### Additional Information

Please Read Before Posting!

The City of Inkster requires that all users of any of the City's Facebook Fan Pages conduct themselves civilly – refraining from inappropriate language or comments or those that could be deemed abusive, discriminatory, inflammatory or lewd. The City assumes no responsibility for the content of comments posted by users and does not endorse any opinions posted by third parties.

The City of Inkster reserves the right, at our sole discretion, to:

• Block users or remove comments if the content posted is deemed harassing, threatening, potentially libelous, false, misleading, obscene or otherwise inappropriate;

• Block users or remove comments if the content posted promotes private businesses, political affiliations, ideologies or positions, or any other third-party advertisements, sales or promotions;

• Use comments posted on our page in any manner, including — but not limited to — publication in online or in print, along with information identifying you as the author, including full name and/or Facebook screenname;

• Retain and disclose submitted content if required by law to do so;

• Change these terms or impose new conditions on our page's use at any time.

By using our page, you represent and agree that:

• You have read and agree to abide by the aforementioned conditions;

• You are the owner of any material you post;

• The materials you post will not violate the rights of nor cause injury to others, including people and entities;

• You will indemnify and hold harmless the City of Inkster from and against any liability arising from such materials.

_____

Welcome to the Inkster Police Department's Facebook Page!

This page was developed to assist us in providing the highest level of service possible in our community. The hope is that this page will provide an avenue to communicate between the public and the police on breaking news or need to know issues that impact the fine citizens of Inkster.

The men and women of the Inkster Police Department are proud to serve the residents and visitors of our city. Our highest priority is to protect them against the criminal activities of others and to enhance their sense of security, safety and well being.

Our department is committed to excellence by providing professional law enforcement services in accordance with the law, while being sensitive to the needs of the community.

I encourage you to contact us if you have a safety concern or if you feel that you need our services.

I hope your visit to this page will be beneficial.

We welcome your suggestions and/or comments on how well it serves your needs. **See Less**



**Exhibit F: Mayor Wimberly Blocked Post Comparison**

View 22 more comments







View 22 more comments





**Exhibit G: Mayor Wimberly Blocked Access Comparison**



STAY SAFE

#InksterWeAreAllINThisTogether

You are not in this alone, I am confident that we will work through this together as a community.

– *Mayor Patrick Wimberly*

# Patrick Wimberly-Mayor City of Inkster

@WinningWithWimberly · Politician

Home    About    Campaign Updates Email Signup    Reviews    More ▾

🔍    ···

#InksterWeAreAllINThisTogether

You are not in this alone, I am confident that we will work through this together as a community.

– *Mayor Patrick Wimberly*



**Patrick Wimberly-Mayor City of Inkster**

@WinningWithWimberly · Politician

ℹ️ Learn More

↗ inkstermayorwimberly.com

Home    About    Campaign Updates Email Signup    Reviews    More ▾

👍 Like    💬 Message    🔍    ···

**Exhibit H: Plaintiff March 1st email to City Attorney**

 **Gmail**                                                   Charles Blackwell <cblack618@gmail.com>

---

## INKSTER SOCIAL MEDIA AND PUBLIC FORUM ISSUE

---

**Charles Blackwell** <cblack618@gmail.com>                        Mon, Mar 1, 2021 at 11:56 AM
To: David Jones <djones@allenbrotherspllc.com>, Matthew Wayne <mwayne@allenbrotherspllc.com>,
npioch@allenbrotherspllc.com

Hello Attorney Jones:

I would like to speak with you regarding a First Amendment matter. I intend to interact and post and comment on City of
Inkster officials municipal social media pages such as Facebook and Instagram.

I am proactively bringing this to your attention so that there won't be any problems. The Federal Circuit has held that
public officials facebook and instagram pages are public forums subject to protections of the First Amendment. This
means that Inkster officials should not block me from their pages nor are they allowed to delete or censor my critical
viewpoint.

Also, since this is a public forum city officials will have no viable reason to use the frequently tossed around "harassment"
word.

I am just informing you to prevent a problem in the future. If Inkster officials were to block me due to my critical viewpoint
it would be a First Amendment violation.

You have my cell phone number of 313 739 3597 if you would like to discuss this further.

https://www.aclu.org/blog/free-speech/internet-speech/court-rules-public-officials-cant-block-critics-facebook

JS 44   (Rev. 08/18)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law,  except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| I. (a)  PLAINTIFFS | DEFENDANTS |
|---|---|
| Charles Blackwell | City of Inkster and Patrick Andre Wimberly |

| **(b)**  County of Residence of First Listed Plaintiff  Wayne | County of Residence of First Listed Defendant  Wayne |
|---|---|
| *(EXCEPT IN U.S. PLAINTIFF CASES)* | *(IN U.S. PLAINTIFF CASES ONLY)* |
| | NOTE:    IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED. |

| **(c)**  Attorneys *(Firm Name, Address, and Telephone Number)* | Attorneys *(If Known)* |
|---|---|

## II.  BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1   U.S. Government  Plaintiff
- ☒ 3   Federal Question  *(U.S. Government Not a Party)*
- ☐ 2   U.S. Government  Defendant
- ☐ 4   Diversity  *(Indicate Citizenship of Parties in Item III)*

## III.  CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☒ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV.  NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| | | ☐ 370 Other Fraud | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 485 Telephone Consumer Protection Act |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | | | ☐ 864 SSID Title XVI | |
| | | | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☒ 440 Other Civil Rights | **Habeas Corpus:** | | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 896 Arbitration |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V.  ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1   Original Proceeding
- ☐ 2   Removed from State Court
- ☐ 3   Remanded from Appellate Court
- ☐ 4   Reinstated or Reopened
- ☐ 5   Transferred from Another District *(specify)*
- ☐ 6   Multidistrict Litigation - Transfer
- ☐ 8   Multidistrict Litigation - Direct File

## VI.  CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 USC 1983

Brief description of cause:
First Amendment

| VII.  REQUESTED IN COMPLAINT: | ☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P. | **DEMAND $** 75,000.00 | CHECK YES only if demanded in complaint: **JURY DEMAND:** ☒ Yes ☐ No |
|---|---|---|---|

| VIII.  RELATED CASE(S) IF ANY | *(See instructions):* | JUDGE | DOCKET NUMBER |
|---|---|---|---|

| DATE | SIGNATURE OF ATTORNEY OF RECORD |
|---|---|
| 03/22/2021 | /s/Charles Blackwell |

**FOR OFFICE USE ONLY**

| RECEIPT # | AMOUNT | APPLYING IFP | JUDGE | MAG. JUDGE |
|---|---|---|---|---|