# EXHIBIT A

## AFFIDAVIT OF ANDREA LEBO

STATE OF MICHIGAN)
                   ) ss.
COUNTY OF WAYNE)

I, Andrea Lebo, being duly deposed and under oath, states as follows based upon my own personal knowledge and capacity to make this affidavit:

1. I am an adult resident of the State of Michigan and otherwise competent to make this affidavit. If called to testify to the facts herein, I would and could do so with first-hand knowledge and under the penalty of perjury.

2. I am currently a Detective for the Inkster Police Department located in the City of Inkster in the State of Michigan. I have been employed with the City of Inkster since January 2015.

3. I was a community relations police officer for the City of Inkster until I was promoted to Detective on October 9, 2020.

4. At all relevant times in the Amended Complaint, I was employed full-time with Inkster Police Department as a Detective.

5. In 2015, I submitted a proposal to Chief William Riley and Assistant Chief William Ratliff to create a Facebook Page for the Inkster Police Department.

6. In my proposal, I offered terms for the Inkster Police Department page. These terms were to be used as rules and guidelines to help keep the Inkster Police Department ("IPD") Facebook page organized and well structured, it was not

for the purposes of setting forth a city-wide social media policy. I admittedly did not have authority, nor was I instructed to issue a city-wide social media policy.

7. I researched other Police Departments that maintained a social media presence, and drafted our terms based on what I believed to be pertinent to keep a well-structured Police Department Facebook page.

8. I did not intend for these terms to be viewed as a City Social Media Policy nor did I intend for these terms to be used for any other City of Inkster social media page.

9. When creating the rules and regulations for the page, my goal was for each post to be uniform and represent the views of the Inkster Police Department. Ultimately, the goal was for all foreseeable comments to be related to the topic chosen by the community officer only, not by the other Facebook users. Said another way, only the page administer could create original content on the page, not the Facebook users that visited the page.

10. Therefore, any off-topic comment would be deemed as inappropriate per our rules and regulations. I viewed this as a page for the IPD to get out its messages and/or initiatives, not to have debates on topics brought up Facebook users that happened upon the page.

11. In 2016, the Inkster Police Department Facebook page was created by myself, and I acted as the page administrator until February 8, 2021 when Officers Summers was hired as the community officer.

12. To my knowledge, on or about March 19, 2021, Officer Summers posted a video of Chief Riley reading a book to the children. The purpose of this post was to encourage the children of Inkster to read and to promote education through the troubling times of the pandemic.

13. Under the post, Plaintiff posted a comment stating, "Chief Riley: How about you teach the kids the word "Corruption" and tell them about how Alex Legion stole money from the recreation center and Mayor Wimberly knew about it."

14. After Plaintiff commented on the post, Officer Summers contacted me, concerned that Plaintiff's comment was off-topic and requested confirmation that she could remove the comment.

15. It was my opinion, that Plaintiff's comment violated our first rule of our terms for it was off-topic (inappropriate) and potentially slanderous.

16. I informed Officer Summers that Plaintiff violated the IPD's Facebook page terms and that she should act in a manner she believed to be consistent with the page terms.

17. At no time did I believe that disallowing Plaintiff from commenting on the IPD's Facebook page was a possible violation of his constitutional rights.

18. I did not report the comment, its removal and/or Officer Summer's blocking from the IPD Facebook page at any time before the subject lawsuit was filed.

19. To my knowledge, neither the Inkster Police Department, nor the City of Inkster has or had a custom or practice of disallowing an individual from accessing and/or commenting on its Facebook pages.

20. Based on my recollection, while administering the IPD Facebook page for four years, I only blocked one individual and that was after that person had posted several lewd comments.

21. To my knowledge, Plaintiff did not contact the IPD following the removal of the subject comment and/or Officer Summer's inadvertent banning of Plaintiff from further commenting from the IPD Facebook page.

22. Although I am no longer the community officer administering the Facebook page, I do have administration rights and understand that I must seek the City attorney's guidance before removing any comments on said Facebook page that are not considered protected speech. I further understand that I am not to block or ban individuals commenting on said Facebook page.

Further affiant sayeth not.

Andrea Lebo
Detective for the City of Inkster


Subscribed and sworn to before me
this _16_ day of _July_, 2021

_____ Notary Public
Wayne County, Michigan
My Commission Expires: _02/09/202_

Natalie E. Murphy,  Notary Public
State of Michigan, County of Wayne
My Commission Expires 2/9/2023
Acting in the County of _Wayne_