UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN - SOUTHERN DIVISION

CHARLES BLACKWELL,

    Plaintiff,

v.

CITY OF INKSTER, Municipal Corporation, and
PATRICK ANDRE WIMBERLY, individually in his
official capacity as Inkster Mayor,

    Defendants.

Case No.: 21-cv-10628
Honorable Linda Parker
Magistrate Judge Elizabeth Stafford

---

## DEFENDANTS' REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS
## (ECF NO. 27, PageID.331-1301)

Defendants filed a Motion to Dismiss Plaintiff's Amended Complaint ("Motion") (ECF NO. 27, PageID.331-1301) on mootness ground that was supported by substantial evidence and legal authorities. Alternatively, Defendants[1] also seek dismissal for failure to state a claim and on qualified immunity grounds. And, Plaintiff responded to the Motion with several misstatements of fact and law, necessitating this short reply.

**I.  Defendants through their actions and affidavits have met the burden under the voluntary cessation doctrine.**

   **A.** *Sapperstein* and *Century Products*, private employment cases, does not require this Court to order discovery before ruling on mootness.

---

[1] For ease of reference, Defendants rely on all terms, citations and abbreviations are

Plaintiff relies on the Seventh Circuit case *Sapperstein v. Hager,* 188 F.3d 852, 856 (7th Cir. 1999), a *private employer* disputing a wage and hour issue, for the proposition that he is entitled to discovery before this Court considers the mootness argument, however, this case does not have persuasive or precedential value. In the *Sapperstein* case, the appellate court allowed for discovery before deciding on a subject matter jurisdiction argument due to lack of credible content in an affidavit proffered for purposes of determining whether the defendant should be considered employer for purposes of the wage and hour claim. The *Sapperstein* case is not factually analogous to the case before this Court.

Here, the affidavits are not by private individual, or entities like in *Sapperstein*, but by *government defendants making representation that conduct has been discontinued* which the Sixth Circuit has consistently recognized should be given added deference. *Ammex,* 351 F.3d at 704 (6th Cir. 2003). Also, Defendant Wimberly procured the affidavit of Ms. Williams, a non-governmental volunteer, to support his position that the alleged unconstitutional activity will not reoccur on the Wimberly Page, which holds additional weight since she is a disinterested party.

Also, Plaintiff's reliance on the *Century Products* case is flawed because that case holding does not involve a subject matter motion to dismiss under Fed. R. Civ. P. 12(b)(1) or that discovery is appropriate in light of affidavits provided by a government defendant showing the alleged constitutional violations will not reoccur

2

– which is the issue here. 837 F2d 247, 249 (6th Cir., 1988). In summary, the case law relied upon by Plaintiff for discovery before this Court's determination of the mootness argument is not precedential or persuasive and should not prevent this Court from granting Defendants' dispositive motion on mootness grounds.

   B. **The Defendants' actions and affidavits presented demonstrate that no further blocking/banning on subject social media platforms is absolute**.

Plaintiff requests that this Court give little weight the affidavits produced in support of Defendants' 12(b)(1) argument because the statements were made in defense of this lawsuit. However, the Defendants in this matter had no reasonable opportunity before the lawsuit was filed to investigate or address the actions at issue in the Complaint since they occurred on Friday, March 19, 2021, and Plaintiff filed this lawsuit the following business day; Monday, March 22, 2021.

More to the point, Plaintiff's Response glosses over the totality of the City's actions once the complaint allegations were investigated, *and before the City filed its first responsive pleading in this case*, demonstrates that the alleged constitutional violations will not reoccur. These actions taken by Defendants include:

1. the removal of the alleged "social media policy" from the IPD's Facebook page;

2. reinstatement of the Plaintiff's ability to post on the Facebook pages at issue;

3. voluntary entry into a status quo order allowing for Plaintiff's posting on all City-wide social media platforms; and

3

4. swift redress of Plaintiff's reporting of blocking on City's Instagram.

While Plaintiff claims that the City's social media specialist's blocking of him is proof that the City will continue to "violate" his constitutional rights, the City argues that its almost instantaneous reinstatement of his access to the social media platform upon notification of the error is a testament to its future efforts to address any future human errors that occur during social media administration.

Plaintiff further attacks the Defendants' affidavits supporting the mootness argument as "ad hoc," and argues that they should carry little weight. However, the affidavits at issue were from the City's executive, along with IPD supervisors and administrators of the IPD Page and the non-municipal employee administrator of the Wimberly Page. Should this Court require additional confirmation that all social media platforms associated with the City will adhere to the promise of no further blocking and banning, the City has attached affidavits from its social media specialist, along with the other administrators of City associated social media pages. (**Exs. N, O & P**)[2]. Furthermore, discovery is merely adding unnecessary litigation costs on a municipality wherein more than 30% of its residents live below the poverty line[3] when the issue of mootness rests on whether the actions will reoccur,

---

[2] **Exhibit N** – Affidavit of Troy Seaton; **Exhibit O** – Affidavit of Dawn Wall; **Exhibit P** – Affidavit of Betty Adams

[3] Notably, the City's residents no longer have a local public school system but are responsible for paying back the former school systems' debt to the State of Michigan. And, according to statistics from the U.S. Census Bureau compiled

4

and further discovery is not warranted based on the factual record and affidavits before this Court. Taking the aforementioned arguments into consideration, Defendants are requesting this Court deny Plaintiff's demand for discovery before granting Defendants' motion to dismiss on mootness grounds.

**II.     Defendant Mayor Wimberly is entitled to qualified immunity and dismissal of all claims against him.**

Plaintiff argues that Defendant Wimberly is not entitled to qualified immunity since there is a "consensus of persuasive authority" since the 2019 *Novak v. City of Parma*[4] decision. (ECF No. 29, PageID.1342). However, Plaintiff's piecemeal of outside circuit cases does not meet his burden of showing the right asserted by him is clearly established due to the absence of Sixth Circuit and the U.S. Supreme Court precedent at the time of the actions at issue in the Complaint. Plaintiff's failure to meet this burden is fatal to his claims against Defendant Wimberly because it is an absolute requirement in challenging the qualified immunity argument brought here. *Everson v. Leis*, 556 F.3d 484, 494 (6th Cir. 2009); *see also Baker v. Goodrich*, 649 F.3d 428, 435 (6th Cir. 2011) (plaintiff's burden to demonstrate federal law was clearly established *in the United States and/or the subject circuit at* time of challenged conduct). Echoed in Defendants' Motion, in the absence of Sixth Circuit

---

between 2015-2019, 33.5% of Inkster's citizens live below the poverty line. The City's median household income is $32,014.00. *See* the U.S. Census Bureau website: https://www.census.gov/quickfacts/fact/table/inkstercitymichigan/PST045219.
[4] 932 F.3d 421 (6th Cir. 2019).

and/or United States Supreme Court authority establishing clear precedent that deletions of comments and/or banning individuals from commenting on his Facebook page, Defendant Wimberly was not sufficiently on notice that the alleged actions would result in his loss of qualified immunity protections – and as such, Plaintiff's claims against him should be dismissed.

### III. Defendant City is entitled to dismissal of the lawsuit on 12(b)(6) grounds because forum analysis in not warranted for the IPD Page.

Plaintiff acknowledges that government speech is not regulated by the First Amendment because the Government can choose which views to express. (ECF 29, PageID.1329). This is exactly what the IPD's Page is for – expressing government views. The terms of the IPD's Page specifies that it does not allow posts on "any issue." Instead, the IPD reserved the right to remove comments or block users when content is deemed "otherwise inappropriate,"[5] including if it is off topic. The IPD Facebook page terms (ECF No. 25-8, PageID.322) demonstrates that the page is for issues that it so chooses – and therefore, Plaintiff's alleged First Amendment protections are not applicable.

---

[5] The Oxford Dictionary defines inappropriate as "not suitable or proper in the circumstances." (https://www.lexico.com/en/definition/inappropriate)

WHEREFORE, Defendants request this Court grant their motion to dismiss the lawsuit in its entirety and award any other costs and fees this Court deems warranted.

        Respectfully submitted,

        ALLEN BROTHERS

By:   */s/ David W. Jones*
       David W. Jones (P57103)
       Lindsey R. Johnson (P67081)
       *Counsel for Defendants*
       400 Monroe, Suite 620
       Detroit, MI  48226
       (313) 962-7777
       djones@allenbrotherspllc.com
       ljohnson@allenbrotherspllc.cm

Dated: August 24, 2021

## **CERTIFICATE OF SERVICE**

    I hereby certify that on August 24, 2021, I caused to be filed electronically the foregoing paper with the Clerk of the Court using the ECF system, which will send notification of such filing to counsel of record.

        /s/ Samantha A. Wells
        Samantha A. Wells